D. M. SECHLER CARRIAGE COMPANY, by GEORGE
PEPPERDINE, etc., Appellant, v. A. W. HYMES,
Interpleader, Respondent.

St. Louis Court of Appeals, February 12, 1901.

1. **Bond, Condition of:** STATUTORY BOND FOR RE-DELIVERY OF
PROPERTY. Where the condition of a bond is that the principals
(in the bond) "shall have property such as shall be adjudged to be
the property of A, when and where the court shall direct," it is not
such a condition as specified in section 3183, Revised Statutes 1899,
"that the property (levied on) shall be safely kept and preserved
from damages and be forthcoming when and where the court shall
direct."

2. ———: ———: ———. And the condition in such a bond is not
to deliver the property levied on, but such of said property as
shall be *adjudged* to be the property of A.

3. ———: ———: ———. And with this condition in the bond,
no order of delivery could be rightfully made until there had been
an investigation of the title had by trial of the issues made by the
claim of interpleader and denial thereof by plaintiff in this action.

4. **Bond, Breach of.** And until such an adjudication is made in the
regular way and on proper evidence, there can be no breach of the
bond nor any judgment for the delivery of the property.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,*
Judge.

REVERSED AND REMANDED.

*Heffernan & Heffernan* for appellant.

(1) The first judgment was correct, it was against the
interpleader and her sureties, as required by the Revised Stat-
utes, section 3184: "If the judgment shall be for the execu-

Vol 87 app—13

tion creditor, it shall be against the claimant and his sureties in like manner, and the court shall order the property sold, and a certified copy of such order shall be delivered to the officer, and shall have the force and effect .of and be proceeded upon as special execution." R. S. 1899, sec. 3184. The first judgment rendered by the court should not have been modified. Section 3184 provides the judgment against the claimant and the sureties on the forthcoming bond shall be rendered in summary manner. Williamson v. Nile et al., 69 Mo. App. 368; State to use v. Durant, 53 Mo. App. 493. The property being held in *custodia legis*, it is constructively in the court. Hence subject to the summary judgment of the court. 26 Mo. App. 487. The sureties on the forthcoming bond have no right to appear and defend in this summary proceeding. The State ex rel. Reeves v. Barker, 26 Mo. App. 487. (2) The proceedings of a claimant of property under section 3183, Revised Statutes 1899, is the same as an ordinary interplea. It is solely the creature of the statute. It is in the nature of an action of replevin. Its very office and purpose is to determine the question of ownership of the specific chattel, and the right of the sheriff to seize and hold it under his writ. State ex rel. v. Reeves v. Barker, 26 Mo. App. 487; Burgert v. Borchert, 59 Mo. 80. The right of an interpleader will not lie where an action of replevin would not. Necessarily the law governing statutory replevin controls here. (3) The striking out of the interpleaders interplea is practically the same as a nonsuit in replevin, a summary statutory proceeding must be had under section 3184, without notice to the sureties. Collins v. Hough, 26 Mo. 149; Bergoff v. Heckwolf, 26 Mo. 511.

*B. U. Massey, Barbour & McDavid* and *Vaughan & Coltrane* for respondents.

Carriage Co. v. Hymes.

(1) The indemnifying bond nor the forthcoming bond given in this case were statutory bonds. The indemnifying bond given by the plaintiff did not contain the conditions which are required by the law, as will be readily seen upon examination of sections 3183 and 3184 of the Revised Statutes of 1899. The forthcoming bond likewise is not a statutory bond in this: The bond is not made alone by the claimant, but by the claimant and Frank Bennett with Charles M. Bennett as their security, and the bond moreover provides that they are to have such property "as shall be adjudged to be the property of A. W. Hymes, when and where the court shall direct," when the law provides that the bond must be conditioned for the delivery of the property levied upon. These bonds, therefore, not being statutory bonds did not authorize the summary proceedings taken by the circuit court. (2) This bond might be sued upon, it is true, as a common-law bond, but the respondents contend that no such judgment should have been rendered upon it without notice to said claimant or her sureties, as was rendered. In order that any kind of summary action can be taken it is absolutely essential that all prior proceedings should strictly conform to statutory requirements.

BLAND, P. J.—On January 11, 1900, plaintiff recovered in the Greene Circuit Court a judgment for $1,519.16 against A. W. Hymes, and sued out an execution thereon and delivered it to the sheriff of Greene county who, on February 12, 1900, levied the same on the interest of A. W. Hymes in and to a stock of general merchandise and book accounts belonging to the firm of Hymes & Bennett, doing business in the city of Springfield in Greene county. On the same day Mildred M. Hymes gave the sheriff notice under the statute, that the firm of Hymes & Bennett was composed of herself and Frank Bennett; that she owned an undivided half interest in

the goods levied upon and Bennett the other half and that A. W. Hymes had no interest whatever in said goods. On the following day plaintiff executed and delivered to the sheriff an in indemnifying bond to enable him, without incurring individual risk, to sell the goods, notwithstanding the claim of Mildred M. Hymes. Immediately thereafter Mildred M. Hymes and Frank Bennett as principals, with C. M. Bennett as surety, executed a re-delivery bond to the State of Missouri in the penal sum of $2,500, conditioned as follows:

"The condition of the above obligation is that, whereas, the sheriff of Greene county has, under an execution wherein D. M. Sechler Carriage Company is plaintiff, and an execution wherein Frank A. Seymour, et al. are plaintiffs, in both of which executions A. W. Hymes is defendant, has levied upon as the property of A. W. Hymes certain personal property being all the property of every kind and description situated and located in the brick building at the southeast corner of Walnut and Campbell streets in the city of Springfield, Missouri; and whereas, Frank Bennett and Mildred M. Hymes have filed their claims under the statutes claiming to own said property, and whereas, the execution creditors (debtors) have given a bond as required by section 4927, Revised Statutes of 1889, and retain the possession of said property; now, therefore, if the said Frank Bennett and Mildred M. Hymes shall safely keep and preserve from damage, and have property such as shall be adjudged to be the property of A. W. Hymes when and where the court shall direct, and pay all costs that shall be adjudged against said claimants in this matter, then this obligation is to be void; otherwise to remain in full force and effect.

"Witness our hands and seals, thirteenth day of February, 1900.

"MILDRED M. HYMES,        (Seal)
"FRANK BENNETT,        (Seal)
"C. M. BENNETT.        (Seal)"

Which they delivered to the sheriff. This bond was approved by the sheriff and the goods levied upon were released to Mildred M. Hymes and Frank Bennett by the sheriff.

On March 12, 1900, the plaintiff filed in the Greene Circuit Court an answer to the claim of Mildred M. Hymes in which it alleged that the goods levied on were the property of A. W. Hymes. That he, A. W. Hymes, being insolvent, for the purpose of defrauding his creditors, had fraudulently conveyed the goods levied upon to Mildred M. Hymes, his wife, who was without means to purchase them or any part or interest in them. On July 25, 1900, Mildred M. Hymes filed a motion suggesting that A. W. Hymes had been adjudged a bankrupt on June 7, 1900, and that George Pepperdine had been duly appointed trustee in bankruptcy of his estate and alleged for this reason plaintiffs had no right to further prosecute this action. Plaintiff moved to strike out the motion or suggestion, but the court overruled the motion and held the case open and by an order of record invited Pepperdine to appear and bcome a party to the action on or before August 4, following. Pepperdine accepted the invitation by promptly filing his written assent to become a party to the suit and at the same time filed the following paper:

"In the District Court of the United States for the Southern Division of the Western District of Missouri:
"In the matter of Anthony W. Hymes, ⎫ In Bankruptcy.
        Bankrupt.        ⎬
                ⎭

"Whereas, on the fourteenth day of July, 1900, final meeting of creditors was held in said cause of Anthony W.

Hymes, bankrupt in bankruptcy at office of referee, Springfield, Missouri, in pursuance of notice therein given and no adverse interest appearing therein the reference of said cause was declared closed, and it now appearing that said bankrupt was possessed of property which he failed to schedule and is now in litigation in the circuit court of Greene county, Missouri, in said district and it appears that said estate was closed, being fully administered; it is hereby ordered by the referee, the judge being absent from the division of the district, that said cause in bankruptcy be reopened and that George Pepperdine, the duly appointed and qualified trustee of said bankrupt estate, be allowed and directed to prosecute said causes in the circuit court, and he substituted as plaintiff therein, said suits being entitled as follows:    'D. M. Sechler Carriage Co. against A. W. Hymes, defendant and Mildred M. Hymes, Interpleader; and Frank Seymour et al., receivers of Walter A. Wood Harvester Co., v. A. W. Hymes, defendant, and Mildred M. Hymes, Interpleader.' And whatever may be recovered in said suits shall be held by the trustee for the benefit of said estate and the creditors thereof according to their respective rights and interests.

"Witness my hand at Springfield, Mo., this July 31, 1900.                    GEO. S. RATHBUN, Referee."

Not being satisfied with his footing as a party in the cause, Mr. Pepperdine, afterward on August 7, procured and filed the following additional paper, issued by Mr. Rathbun, referee in bankruptcy:

"It being brought to the knowledge of the undersigned referee in bankruptcy that the circuit court of Greene county, Missouri, in the respective cases of D. M. Sechler Carriage Company, and the case of Frank Seymour and others, receivers of Walter A. Wood Harvester Co. v. the said Anthony W. Hymes, Mildred M. Hymes, Interpleader, ordered that George

Pepperdine, trustee in the estate of said Anthony W. Hymes, take charge of such cases, as said trustee, and also adjudged that the respective liens of said plaintiffs by virtue of execution levied on the property of said Anthony W. Hymes, be preserved and enforced against said property levied upon, for the benefit of said estate. It is considered by this court that a dissolution of such liens would militate against the best interests of the estate of said Anthony W. Hymes. It is therefore ordered and adjudged that George Pepperdine, who was heretofore to take charge of said suits for the benefit of the creditors of said estate, be subrogated to the rights of said plaintiffs, the holder of said liens and that the said trustee be empowered to enforce said liens in the State court with like force and effect as such holders might have done had not bankruptcy proceedings intervened.

"Given under my hand as referee of said court, this August 7, 1900.

"GEO. S. RATHBUN,

"Referee in Bankruptcy."

It appears from the abstract (the cause being here by copy of judgment and printed abstract), that the plaintiffs undertook to take Mildred M. Hymes' deposition; that they succeeded in getting her before an officer for that purpose, but that she declined to depose, and without assigning any reason therefor, refused to answer pertinent questions, touching her separate means, sources of revenues, etc., by which she was enabled to buy the interest of A. W. Hymes in the firm of Hymes & Bennett. Because she so deported herself as a witness, on motion of the plaintiff, the court struck out her claim to the property levied upon and rendered judgment in favor of Pepperdine as trustee in bankruptcy of A. W. Hymes, against her and the two Bennetts on their redelivery bond to the effect that, if she failed within ten days to deliver the property levied on to

the sheriff, that an execution should issue against her and the two Bennetts for $1,519.16, and costs of suit. Mildred Hymes for herself and Frank and C. M. Bennett jointly, filed separate motions to set aside the judgment. The motions were sustained and the judgment was set aside, and the following corrected judgment was rendered and duly entered of record:

"D. M. Sechler Carriage Co., by George Pepperdine trustee in the estate of A. W. Hymes, a bankrupt, Plaintiff, v. A. W. Hymes, Defendant, Mildred M. Hymes, Interpleader.

"Interplea: Judgment modified.

"Now at this day come again the parties herein by their respective attorneys, and upon hearing the motion of interpleader, and of Frank Bennett and C. M. Bennett to set aside the judgment heretofore rendered herein on the thirty-first day of July, 1900, at the present term of this court, being now seen and heard' is by this court sustained, and said judgment is now ordered modified and corrected, now as for then, to read and be as follows to-wit: Now at this day come the parties herein, the plaintiff represented by Heffernan & Heffernan, and also comes the interpleader Mildred M. Hymes, represented by Barbour & McDavid and James R. Vaughan, and also comes the bondsmen represented by Schmook & Massey, and all and singular the matters and things are now submitted to the court and after hearing the evidence in the plaintiff's motion to strike out the interplea, finds that said interpleader failed and refused to submit to an examination on oath touching the matters in controversy, and said motion is sustained and said interplea stricken out, and the said interpleader is ordered to return to the sheriff the said property levied on as same is described in his return on said execution, and taken out of the hands of the sheriff under the delivery bond executed and filed in this case by said interpleader. · It is further ordered that the sheriff proceed to sell said property,

under said execution and this order of the court, for the purpose of satisfying said execution and judgment, to-wit: The sum of fifteen hundred and nineteen dollars and all costs in the above cause, and that the said Mildred M. Hymes interpleader take nothing by her interplea, and that an order in conformity to judgment be issued by the clerk to the sheriff."

The plaintiff objected and excepted to the modification of the judgment as first entered and moved the court to reinstate the original judgment; this motion was overruled and plaintiff appealed.

I.   Subdivision of section 67 of the Bankrupt Act 1898, provides that "all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against them, shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the levy, judgment, attachment or other lien shall pass to the trustee as a part of the estate of the bankrupt unless the court shall on due notice order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate aforesaid.   And the court may order such conveyances as shall   be necessary to carry the purposes of this section into effect."   Section 38 of the act confers upon referees jurisdiction to "exercise the power of the judge for the taking possession and securing the property of the bankrupt in the event of the issuance by the clerk of a certificate showing the absence of the judge from the judicial district or the division of the district or his sickness or inability to act."

Section 23 of the act authorizes the trustee to bring or prosecute suits in the courts when the bankrupt, whose estate is being administered by such trustee, might have brought suit

or prosecuted the proceeding.

A. W. Hymes is not a party to the interplea or claim of his wife for the goods, and is not so situated in respect to the controversy, as to have been made a party, had he not been adjudged a bankrupt. And for this reason there is no authority under the provisions of section 23 of the Bankrupt Act conferred on Pepperdine his trustee to become a party. The foregoing orders and judgment made by Rathbun, referee in bankruptcy, are outside of and beyond any jurisdiction or authority conferred upon him by the Bankrupt Act. Pepperdine as trustee was improperly made a party to the suit. In the present condition of the lien, he can only intervene to preserve the lien for the benefit of the bankrupt estate, by first procuring an order of the United States district court authorizing him to do so.

II. The condition of the bond on which the judgment was rendered is that the principals (in the bond) "shall have property such as shall be *adjudged* to be the property of A. W. Hymes when and where the court shall direct." The bond required by the Statute (Revised Statutes 1899, sec. 3183), is one "conditioned that the property (levied on) shall be safely kept and preserved from damage and be forthcoming when and where the court shall direct." There is a very material difference between the condition in the bond given and the one the statute provides that should have been given. Had the bond been a statutory one, no adjudication of the title to the property would have been necessary as a condition precedent to an order for its delivery, but not so with the one given. The condition is not to deliver the property levied on, but such of said property as shall be *adjudged* to be the property of A. W. Hymes, and with this condition in the bond, no order of deilvery could be rightfully made, until there had been an investigation of the title had by trial of the issues made by the

claim of Mrs. Hymes and the denial thereof filed by the plaintiff. Instead of going to trial on the issues thus made, the plaintiff had the claim of Mrs. Hymes stricken out and proceeded to take judgment for the delivery of the property without offering any proof whatever to establish the title of A. W. Hymes to the property and without first procuring a judgment to the effect that he was the owner of the property. Until such an adjudication is made in the regular way and on proper evidence, there cas be no breach of the bond nor any judgment rendered for the delivery of the property. Wherefore, the judgment is reversed and the cause remanded. Judge *Bond* concurs, Judge *Goode,* having been of counsel, not sitting.